IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

JUN 3 0 2009

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| S.T., a minor, who sues by and through | * | |
| her father and next friend, | * | |
| RICHARD TEETER, | * | |
| **Plaintiff** | * | |
| | * | Civil Case No. ~~2:08-cv-~~ _____ |
| v. | * | |
| | * | |
| ANTHONY SIM ISBELL, | * | **JURY TRIAL DEMANDED** |
| in his individual and official capacities, | * | |
| CITY OF MILLBROOK, | * | |
| GIRLS SOFTBALL LEAGUE | * | |
| **Defendants.** | * | |

Civil Case No. 2:09CV616-mht

## COMPLAINT

COMES NOW Plaintiff, S.T., by and through her attorney, and would show unto the

Court as follows:

## JURISDICTION AND VENUE

1.  Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by

virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States,

42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. §

2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and

compensatory and punitive damages.  Defendants violated Plaintiff's rights as guaranteed

by the Constitution of the United States, by Federal law, and by the laws and Constitution

of 1901 of the State of Alabama.

2.  The violations of Plaintiff's rights as alleged herein occurred in Elmore County,

Alabama, and were committed within the Northern Division of the Middle District of the

State of Alabama.

## PARTIES

3.     Plaintiff S.T. is a minor child, 11 years of age, and is and at all times material hereto was a citizen of the United States and the State of Alabama.  She sues by and through her father and next friend, Richard Teeter (hereinafter, "Teeter").

4.     Defendant Anthony Sim Isbell (hereinafter, "Isbell"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Alabama Alcoholic Beverage Control Board, and is a person whose conduct proximately and directly harmed Plaintiff.

5.     Defendant City of Millbrook (hereinafter, "Millbrook") is a municipal corporation incorporated in the Middle District of Alabama.

6.     Defendant Girls Softball League is an association, a better and further denomination of which is presently unknown to Plaintiff, and is an organization which owed a duty to Plaintiff, which duty was breached, proximately and directly causing damage and injuury to Plaintiff.

## NATURE OF PROCEEDINGS

7.     This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

8.     Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

9.     At all times material hereto, Isbell was an enforcement officer of the ABC Board, an executive department of the State of Alabama.

10.    During a course of conduct that commenced in or about 2005 and continued through June, 2007, Isbell violated Plaintiff's constitutional rights by subjecting her to repeated sexual assault.

11.    In addition to physically assaulting her, Isbell took and maintained pornographic images of Plaintiff.

12.    Some or all of the conduct complained of took place while Isbell was on duty as an officer of the ABC Board and while he was carrying out his duties as an officer of the ABC Board.

13.    Some or all of the conduct complained of took place in an ABC Board enforcement vehicle.

14.    Some or all of the pornographic images complained of were created through the use of ABC Board photographic equipment.

15.    Isbell's status as a law enforcement officer and his wearing of a badge and a gun intimidated and frightened Plaintiff.

16.    On or about March 10, 2008, in Elmore County Circuit Court, Isbell pled guilty to sexual abuse in the first degree as a result of his conduct toward Plaintiff.

17.    Plaintiff has been injured and damaged.  She has suffered severe physical pain and suffering and great emotional distress and mental anguish, which distress and anguish are expected to permanently scar her.

### CAUSES OF ACTION

18.    As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set

forth herein the allegations of the foregoing paragraphs.

## COUNT I – 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT

19.   At all times material hereto, Isbell was acting as a law enforcement officer pursuant to State statute and the rules and regulations of the ABC Board.

20.   Plaintiff had a protectible Fourteenth Amendment substantive due process right to bodily integrity as against government intrusion.

21.   The aforementioned right was clearly established at the time of the conduct giving rise to the claims herein.

22.   Any reasonable officer knows or should know that the aforementioned right was clearly established at the time of the conduct giving rise to the claims herein.

23.   Isbell violated Plaintiff's Fourteenth Amendment substantive due process rights to bodily integrity when he repeatedly sexually assaulted her.

24.   Isbell's conduct was facilitated by his position as a State actor.

25.   Plaintiff has been injured thereby.

## COUNT II – 42 U.S.C. § 1983 EXCESSIVE FORCE

26.   At all times material hereto, Isbell was acting as a law enforcement officer pursuant to State statute and the rules and regulations of the ABC Board.

27.   Under the Fourth Amendment to the United States Constitution, Plaintiff had a right to be free from the use of excessive force.

28.   Repeated sexual assault constitutes excessive force.

29.   Any reasonable officer knows or should know that sexual assault by a police officer would violate Plaintiff's right to be free from the use of excessive force.

30.   Isbell assaulted and battered Plaintiff in violation of the Fourth Amendment to the United

States Constitution.

31. Plaintiff's rights under the Fourth Amendment were thus impermissibly abridged and violated.

32. The aforesaid conduct proximately caused damage to Plaintiff in that it caused her to experience pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT III – 42 U.S.C. § 1983 – UNREASONABLE SEIZURE

33. At all times material hereto, Isbell was acting as a law enforcement officer pursuant to State statute and the rules and regulations of the ABC Board.

34. Plaintiff had a right under the Fourth Amendment to the United States Constitution to be secure against unreasonable seizures.

35. Any reasonable officer knows or should know that sexual assault by a police officer would violate Plaintiff's right to be secure against unreasonable seizures.

36. Isbell sexually assaulted Plaintiff in violation of the proscription of the Fourth Amendment against unreasonable seizures.

37. Plaintiff's rights under the Fourth Amendment were thus impermissibly abridged and violated.

38. The aforesaid conduct proximately caused damage to Plaintiff in that it caused her to experience pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT IV – STATE LAW ASSAULT AND BATTERY

39. On the date and at the time of the conduct made the subject of this action, Isbell touched Plaintiff in rudeness, in anger, or in a hostile manner, by touching her person.

40. Plaintiff suffered damages as otherwise herein described as a direct and proximate result of the assault and battery by Isbell.

## COUNT V – STATE LAW TORT OF OUTRAGE

41. In carrying out the conduct described above, Isbell committed an intentional act as against Plainitiff.

42. The intentional act was intended to inflict emotional distress, or Isbell knew that emotional distress was the likely result of his conduct.

43. The said conduct was extreme and outrageous.

44. The actions of Isbell were the cause of Plaintiff's distress.

45. The emotional distress suffered by Plaintiff was severe.

## COUNT VI – MUNICIPAL LIABILITY

46. Defendant City of Millbrook, by and through its Parks and Recreation Department, had the ultimate responsibility for selecting and/or approving coaches and other officials for the Girls Softball League.

47. Despite complaints from Plaintiff's next friend, Millbrook failed and breached its duty to properly select, retain, and supervise such coaches and other officials, directly and proximately causing injury and damage to Plaintiff.

## COUNT VII – GIRLS SOFTBALL LEAGUE

48. Plaintiff was a member of the Girls Softball League.

49. Defendant Isbell was a coach or other official of the Girls softball League.

50. As such, Isbell was in continuous contact with Plaintiff and other young girls.

51. The Girls Softball League had a non-delegable duty to protect Plaintiff and other young girls from harm at the hands of its coaches and other officials.

52. The Girls Softball League breached its duty to properly select, train, retain, and supervise its coaches and other officials.

53. That failure and breach allowed Isbell to injure and damage Plaintiff.

54. The Girls Softball League is liable for the injury and damage caused to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs pray for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USCA § 1983;

b) Grant Compensatory damages in favor of Plaintiffs as against Isbell of $500,000.00;

c) Grant Punitive damages to Plaintiffs against Isbell in the amount of $1,500,000.00;

d) Grant Compensatory and/or Punitive damages as against the other defendants in an amount to be determined by the trier of fact.

e) Grant Plaintiffs the cost of this action including reasonable attorneys' fees;

f) Enjoin Isbell from coming around Plaintiff now and in the future unto perpetuity.

g) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the ___30___ day of June, 2009.

_____
JAY LEWIS (ASB-2014-E66J)
Plaintiff's Attorney

OF COUNSEL:
Law Offices of Jay Lewis
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733


**PLAINTIFF DEMANDS TRIAL BY JURY**