IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
S.T., a minor, who sues by   )
and through her father and   )
next friend,                 )
Richard Teeter,              )
                             )
    Plaintiff,               )
                             )     CIVIL ACTION NO.
    v.                       )       2:09cv616-MHT
                             )           (WO)
ANTHONY SIM ISBELL,          )
in his individual and        )
and official capacities,     )
et al.,                      )
                             )
    Defendants.              )
```

OPINION AND ORDER

Plaintiff S.T., a minor, filed this lawsuit, by and through her father and next friend, Richard Teeter, naming Anthony Sim Isbell as defendant in his individual and official capacities as an officer of the Alabama Alcoholic Beverage Control Board.[1]  She alleges violations of the

---

    1.  S.T. also named the City of Millbrook and the Girls Softball League as defendants.  Both have since been dismissed pursuant to a joint stipulation.  See (continued...)

Fourth and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983, and brings state assault-and-battery and outrage claims. Jurisdiction over her federal claims is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). Jurisdiction over her state-law claims is appropriately invoked pursuant to 28 U.S.C. § 1367 (supplemental).

This lawsuit is now before the court on S.T.'s motion for default judgment. For the reasons that follow, the court will grant the motion with respect to S.T.'s claims against Isbell in his individual capacity, but deny the motion with respect to her claims against him in his official capacity.

I.  BACKGROUND

S.T. perfected service of a summons and complaint on Isbell on December 10, 2009. See Return Receipt Card

---

(...continued)
Judgment (Doc. No. 32).

(Doc. No. 15).  She filed the instant motion for default judgment on May 26, 2010.

On May 28, the court ordered that "Isbell show cause, if any there be, in writing by June 11, 2010, as to why plaintiff S.T.'s motion for default judgment should not be granted."  Order at 1 (Doc. No. 28) (internal citation omitted).  The court "informed [him] that if he fail[ed] to respond within the time allowed, then, in his absence, judgment will be entered against him and damages will be determined and awarded against him."  Id. at 1-2.

Isbell, who is currently incarcerated, subsequently filed a motion for "an extension of fourteen (14) days" to respond to the show-cause order.  Mot. at 1 (Doc. No. 33).  The court granted his motion and "allowed [him] until June 25, 2010, to respond to the court's show-cause order."  Order at 1 (Doc. No. 34).  The June 25 deadline has come and gone, but Isbell has yet to show cause why judgment should not be entered against him.

3

## II.   DISCUSSION

For reasons that will be made clear in what follows, the court addresses the claims against Isbell in his individual capacity separately from the claims against him in his official capacity.  The court also addresses the issue of damages.

### A.   Individual Capacity

As detailed in the factual background provided above, Isbell was served with a copy of the summons and complaint; failed to respond to the summons and complaint within the time allowed; and failed to respond timely to an order of this court to show cause as to why final judgment should not be entered against him.  Accordingly, this court will grant S.T.'s motion for entry of default judgment on her claims against Isbell in his individual capacity.

B. Official Capacity

"[A] judgment against a public servant 'in his official capacity' imposes liability on the entity he represents." Brandon v. Holt, 469 U.S. 464, 471 (1985); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citation omitted)); Ex parte Butts, 775 So. 2d 173, 177 (Ala. 2000) ("A complaint seeking money damages against a State employee in his or her official capacity is considered a complaint against the State.").[2]  Of course, "the public entity [must] receive[] notice and an opportunity to respond." Brandon, 469 U.S. at 472.

In this case, there is no evidence that the entity Isbell allegedly represents received notice and an

---

    2. By contrast, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky, 473 U.S. at 165.

opportunity to respond to S.T.'s complaint. Thus, the court will decline S.T.'s request to enter default judgment on her claims against Isbell in his official capacity.[3]

## C. Damages

"[J]udgment of default awarding cash damages [can] not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.'" Adolph Coors Co. v. Movement against Racism & Klan, 777 F.2d 1538, 1543 (11th Cir. 1985) (citation omitted). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" Id. at 1544 (citation omitted). In this case, further evidence from S.T. is

---

3. The court notes that S.T.'s federal and state claims against Isbell in his official capacity are also likely barred by state sovereign immunity.

6

necessary to determine the appropriate amount of damages.[4] The court will thus "conduct [a] hearing[] ... [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B).

***

Accordingly, it is ORDERED as follows:

(1) Plaintiff S.T.'s motion for default judgment on her claims against defendant Anthony Sim Isbell in his individual capacity (doc. no. 23) is granted.

(2) Plaintiff S.T.'s motion for default judgment on her claims against defendant Isbell in his official capacity (doc. no. 23) is denied.

(3) Default judgment is entered in favor of plaintiff S.T. and against defendant Isbell on plaintiff S.T.'s state and federal claims against defendant Isbell in his individual capacity.

---

4. S.T. has indicated that her motion for default judgment "will be followed by a motion for a hearing on damages against [Isbell]." Mot. at 1. No damages motion was filed.

(4) Jury selection and trial on the issue of damages on plaintiff S.T.'s state and federal claims against defendant Isbell in his individual capacity are set for August 30, 2010, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.  By August 10, 2010, plaintiff S.T. is to file her proposed jury-selection questions and proposed jury instructions as well a pretrial brief setting forth the issues to be decided by the jury.

DONE, this the 12th day of July, 2010.

                                           /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**